appeal IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:17-CR-36

ERIC LAQUINTAY WARD

**ORDER**

Eric Laquintay Ward pleaded guilty to a one-count indictment charging him with failing to register as a sex offender. Docs. #17, #19. On October 12, 2017, the Court sentenced Ward to thirty months imprisonment and five years supervised release. Docs. #29, #31. The Court entered judgment on the sentence the next day. Doc. #31.

Approximately one month after his sentencing, Ward filed a pro se "Motion to Reamend & Review Order of Sentence Judgment," asking that the judgment be amended to include a recommendation to the Bureau of Prisons that he be given credit for time served "from February 24, 2017 til October 12, 2017." Doc. #33 at 2. He also filed a pro se motion requesting a copy of the transcript of his sentencing hearing to support his request to amend the judgment. Doc. #35. Because Ward has served his sentence and is no longer in BOP custody (and has provided no forwarding address), the motions [33][35] are **DENIED as moot**.[1]

**SO ORDERED**, this 4th day of December, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] If not moot, the motion to amend the judgment would be denied on the merits. During Ward's sentencing hearing, the Court stated that it would not make any recommendation as to time served since February 24, 2017, because such turned on the outcome of future state court proceedings. More important, this Court lacked authority to award a time served credit at the time of sentencing. *United States v. Chatman*, 810 F. App'x 323, 324 (5th Cir. 2020) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). To the extent Ward sought a post-judgment computation of credit, Ward did not show that such request was administratively exhausted through the Federal Bureau of Prisons. *United States v. Morgan*, 294 F. App'x 76, 77 (5th Cir. 2008).